UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


OCTAVIA BRASHEARS WIFE OF/
AND KERRY BRASHEARS                    CIVIL ACTION

VERSUS                                 NUMBER 11-401-JJB-SCR

SWIFT TRANSPORTATION COMPANY,
L.L.C., ET AL

### RULING ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Before the court is the Motion Under Fed.R.Civ.P. 45(e) to Compel Compliance With Subpoena filed by defendants Swift Transportation Company of Arizona, L.L.C., Mohave Transportation Insurance Company, Alvin Fleming and Target Corporation. Record document number 21. Third party Austin Bridge & Road, L.P. filed an opposition.[1]

Defendants' motion seeks to compel Austin Bridge & Road, L.P. ("AB&R"), located in Irving, Texas, to produce certain photographs and video of work in progress during May 2010 in the area on I-10 where the accident at issue in the case occurred. The records-only subpoena was issued March 23, 2012, out of the United States District Court for the Northern District of Texas, and commanded production of various documents at a court reporter's office in Dallas, Texas, on April 26, 2012.[2]

---

[1] Record document number 26.

[2] Record document number 21-2, Exhibit B. The subpoena also
(continued...)

Defendants complained that AB&R's April 30, 2012 subpoena response did not include photographs or videos of the work on I-10. In its opposition memorandum, which is supported by the affidavit of AB&R Project Manager Charles "Chuck" Daniel Smith, III, AB&R explained that the initial document search failed to uncover any photographs or videos of the area which it could determine were taken in May 2010, as the subpoena required. Subsequent communications between counsel confirmed that AB&R's subpoena response was accurate. Nonetheless, AB&R did another search for any photographs and videos of the I-10 project from its beginning in 2009 to January 3, 2012, regardless of the location. Photographs and videos were located and these were produced to the defendants on seven compact dics on May 17, 2012. However, according to Smith, none of these can clearly be identified as having been taken in May 2010.

The available information easily supports finding that AB&R's April 30 production complied with the defendants' subpoena, and AB&R had no obligation to conduct another search or produce anything else. Defendants' motion to compel was not substantially justified and there are no circumstances which make an award of expenses to AB&R unjust. See Rules 37(a)(5)(B) and 45(c)(1). A

---

²(...continued)
stated that it may be satisfied by mailing certified copies of the documents to counsel for the defendants in New Orleans, Louisiana, prior to the deposition date.

review of the motion papers supports awarding AB&R its reasonable attorney's fees incurred to oppose this motion in the amount of $300.

Accordingly, the defendants' Motion Under Fed.R.Civ.P. 45(e) to Compel Compliance With Subpoena is denied. Austin Bridge & Road, L.L.C. is awarded attorney's fees of $300, to be paid by the defendants within 14 days.

Baton Rouge, Louisiana, May 21, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE